

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 25, 1977



This Opinion
Overrules Opinic

# M-1173 where

Conflicts

The Honorable Bob Bullock
Comptroller of Public Accounts
State of Texas
104 L.B.J. State Office Bldg.
Austin, Texas   78711

Opinion No. H-947

Re:  Transfer of funds
by the Comptroller

Dear Mr. Bullock:

You have requested our opinion concerning your authority to transfer funds from the General Fund to the Department of Public Welfare's Commodity Distribution Fund pursuant to section 3 of article 5 of the 1973 Appropriations Act.  Acts 1973, 63rd Leg., ch. 659 at 2197.

That section provides:

> In each instance in which an operating fund or account is created by the provisions of this Act, the responsible officials of the State are authorized to transfer into such operating fund or account sufficient moneys from local funds and Federal grants of funds to pay proportionally the costs of matching State employees retirement contributions, the State's share of Old Age and Survivors Insurance and the proportionate cost of premiums of policies containing Group Life, Health, Hospital, Surgical, and/or Medical Expense Insurance for retired employees and officials.

This language has been contained in each appropriations act since 1969.  In Attorney General Opinion M-1173 (1972), this office ruled that section 3  constituted an authorization for the Comptroller to transfer funds to the State Law Library. The opinion states that such a transfer could include:

p. 3958

> the matching funds appropriated from the
> general revenue fund by the provisions of
> section 3 of Article V . . . .  <u>Id.</u> at 5.

It is not clear whether section 3 was construed to constitute
an open-ended appropriation or whether it merely authorized
a transfer of general revenue funds for the State's contribu-
tion for employees who are paid from the General Fund.
Admittedly, the language quoted above would seem consistent
with the former construction.  However, article 5, section 3
authorizes the transfer of only "local funds and Federal
grants."  Since Opinion M-1173 discussed neither the definition
of "local funds" nor the pertinent general law, its analysis
is insufficient to answer the present inquiry.

The legislation pertaining to the payment of the State's
contributions to the Retirement System, Old Age and Survivor's
Insurance (OASI), and insurance for retirees requires that
such payments be made from the "respective funds appropriated
. . . to pay the salary . . .of the member for whose benefit
the contribution is made."  V.T.C.S. art. 6228a, § 8A.  <u>See</u>
V.T.C.S. art. 695h, § 5, 6(b)(1); Ins. Code art. 3.50-2, §
15(b).  The Appropriations Act of 1973 implemented this
legislation by making separate appropriations from the
respective funds for each of the three contributions.  Acts
1973, 63rd Leg., ch. 659, art. II at 1866; art. III at 1953-54.
In our understanding, these contributions are either drawn
by the Retirement System directly from the respective fund
from which the particular salaries are paid or from an
operating fund into which such funds have been transferred.
<u>See</u> Acts 1973, 63rd Leg., ch. 659, art. III at 1919-20,
which creates an Attorney General's Operating Fund and
transfers moneys thereto from fourteen special funds.  Where
such an operating fund is utilized, the salaries paid therefrom
are actually being paid from the funds which have constituted
the operating fund; the consolidation of such funds is for
convenience.  Accordingly, the general law and the appropriations
act require the subject contributions to be made from the
funds from which the operating fund is constituted.  These
contributions could be drawn directly from the various funds
by the Retirement System; however, for administrative convenience
the Retirement System may require the proportionate contribution
from each fund to be transferred to the operating account
from which the salaries are finally drawn.  V.T.C.S., art.
6228a, § 6A(b)6; Ins. Code art. 3.50-2, § 4; V.T.C.S. art.
695h, § 7.

Thus the Legislature has created a system by which money is appropriated from each fund to pay the contributions for employees whose salaries are paid therefrom.  Your question involves the transfer of general revenue funds into a special fund for the purpose of paying such fund's proportionate share of the State's contributions.  We note that most of the Commodity Distribution Fund consists of moneys appropriated from the General Revenue Fund for financing the State's Food Stamp program.  Acts 1973, 63rd Leg., ch. 659, art. II at 1857; see Rider 25, Id. at 1863. As we discussed above, the State's contributions for employees paid from the appropriation from General Revenue should be financed therefrom in the proportion that such appropriation is utilized to pay the salaries of such employees.  Any transfers necessary to this transaction are made pursuant to the requirements of the Retirement System.  We will therefore address the application of other provisions to transfers from General Revenue other than those necessary to the above described transaction.

Article 5, section 3 of the 1973 Appropriations Act, reproduced in part above, authorizes the transfer of "local funds and Federal grants" into an operating fund for payment of the subject contributions.  Thus this transfer was authorized thereby only if the General Fund is a local fund or federal grant.  We do not believe the Legislature intended it to be so characterized.  Article 4, section 20 of the Appropriations Act contains the language "regardless of whether said appropriation items are General Revenue or local funds in character . . . ."  Acts 1973, 63rd Leg., ch. 659, art. IV at 2150.  Clearly, a distinction is drawn between local funds and the General Fund.  In addition, article 5, section 31 of the Appropriations Act provides in part:

> In the event the amounts of Federal funds,
> local funds, or funds other than appropria-
> tions from the General Revenue Fund, have been
> estimated in this Act in sums greater than
> are actually received by the respective
> agencies of the State, this Act shall not
> be construed as appropriating additional
> funds from General Revenue to make up such
> differences.  Acts 1973, 63rd Leg., ch. 659,
> art. V at 2211.

Once again, a clear distinction was drawn between federal and local funds and the General Revenue Fund.  See also "Method of Financing" for Department of Public Welfare, Acts 1975, 64th Leg., ch. 743, art. II at 2491.

Accordingly, in our opinion article 5, section 3 did not authorize a transfer of General Revenue Funds to the Commodity Distribution Fund, since the General Revenue Fund is not a local or federal fund.  Attorney General Opinion M-1173 is hereby overruled to the extent of conflict.  Since the Legislature has elsewhere provided for the State's contributions for employees paid from special and general funds, it appears that section 3 was intended to provide for the transfer of funds to pay "proportionally" the State's contributions for employees paid from local funds and federal funds, for these contributions were not provided by the specific appropriation for the three contributions.

Our attention has been directed to article 695c, section 4(12), V.T.C.S., which provides in part:

> The State Department of Public Welfare is authorized to accept, expend, and transfer any and all Federal and State funds appropriated for such purposes.

As we decided in Attorney General Opinion H-679 (1975), this provision authorizes the transfer of appropriated funds. However, the Legislature did not appropriate these funds to the Department of Public Welfare, and thus article 695c did not authorize their transfer.

### S U M M A R Y

> Article 5, section 3 of the 1973 Appropriations Act did not authorize the transfer of General Revenue Funds to the Department of Public Welfare's Commodity Distribution Fund.  Such a transfer may be made pursuant to the requirements of the Retirement System where the transferred

funds are used to pay the State's contributions to OASI, retirement and insurance for employees paid from appropriations from the General Fund.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb

p. 3962